

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: __20,309__   COURT *(FOR CLERK USE ONLY)*: _____

STYLED __Donnie Duggan v. Steven Reyes Perez and Pearson Oil Company, Inc.__
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

Name: William E. Hymes
Email: wehymes@brianloncar.com
Address: 424 S. Cesar Chavez Boulevar
Telephone: 214-747-0422
City/State/Zip: Dallas, TX 75201
Fax: 214-393-6530
Signature: /s/ William E. Hymes
State Bar No: 24029624

## Names of parties in case:

Plaintiff(s)/Petitioner(s): Donnie Duggan

Defendant(s)/Respondent(s): Steven Reyes Perez; Pearson Oil Company, Inc.

[Attach additional page as necessary to list all parties]

## Person or entity completing sheet is:
[X] Attorney for Plaintiff/Petitioner
[ ] Pro Se Plaintiff/Petitioner
[ ] Title IV-D Agency
[ ] Other: _____

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract**
- Debt/Contract
  - [ ] Consumer/DTPA
  - [ ] Debt/Contract
  - [ ] Fraud/Misrepresentation
  - [ ] Other Debt/Contract:
- Foreclosure
  - [ ] Home Equity—Expedited
  - [ ] Other Foreclosure
- [ ] Franchise
- [ ] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract:

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation
- Malpractice
  - [ ] Accounting
  - [ ] Legal
  - [ ] Medical
  - [ ] Other Professional Liability:
- [X] Motor Vehicle Accident
- [ ] Premises
- Product Liability
  - [ ] Asbestos/Silica
  - [ ] Other Product Liability List Product:
- [ ] Other Injury or Damage:

**Real Property**
- [ ] Eminent Domain/Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property:

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus—Pre-indictment
- [ ] Other:

**Employment**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment:

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other:

### Family Law

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void
- Divorce
  - [ ] With Children
  - [ ] No Children

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other:

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child:

### Tax
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

### Probate & Mental Health
- Probate/Wills/Intestate Administration
  - [ ] Dependent Administration
  - [ ] Independent Administration
  - [ ] Other Estate Proceedings
- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):
- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

## 4. Indicate damages sought (do not select if it is a family law case):
- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [ ] Over $100,000 but not more than $200,000
- [X] Over $200,000 but not more than $1,000,000
- [ ] Over $1,000,000

EXHIBIT "A-1"

Rev 2/13



Brian Loncar
William E. Hymes
Gorge M. Rubio•
John Curington
Donald L. Parker, II
David J. LaRue*
Marlane Schwartz-Mantrana
Lydia Elizondo Mount
Christopher Sbrusch
Garnett E. "Brit" Hendrix, Jr.•

James M. Bridge
Paul R. Weiss, III
John C. Wren
Brandon Ramsey
Valeri Stiers Malone•
David Stone
Ryan Douglas White
Stephanie Baenisch*
Chad H. Davis

ATTORNEYS AT LAW · Dallas · Tyler · Wichita Falls · Beaumont · El Paso · McAllen · Lubbock · Houston · Odessa · Fort Worth

June 3, 2016        By: Judy Whorton

*Via E-File*
Andrews County District Clerk
Attn: Civil Process
201 North Main, Room 102
Andrews, TX 79714

RE:   *Donnie Duggan v. Steven Perez, et al.*

Dear Clerk:

Filed herewith is Plaintiff's Original Petition and Request for Discovery. Please file the Petition and issue the citations to the defendants as shown within the Petition. Once the citations are issued, please return same for service via process server.

If you have any questions, please do not hesitate to call.

Sincerely,

*Regina L. Elkins*

Regina L. Elkins
Paralegal to William E. Hymes

/rle



EXHIBIT "A-2"

424 S Cesar Chavez Blvd, Dallas, TX 75201
214-747-0422 • 800-285-4878 • Fax: 214-382-5838 • Litigation Fax: 214-382-5841
www.brianloncar.com
*Board Certified-Personal Injury Trial Law-Texas Board of Legal Specialization  *Licensed in Texas and Louisiana  *Licensed in Texas and Oklahoma



E-Filed for Record
6/3/2016 10:57:00 AM
Cynthia Jones, District Clerk
Andrews County, TX
By: Judy Whorton

CAUSE NO. __20,309__

| | | |
|---|---|---|
| DONNIE DUGGAN | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | __109TH__ JUDICIAL DISTRICT |
| | § | |
| STEVEN REYES PEREZ AND | § | |
| PEARSON OIL COMPANY, INC. | § | ANDREWS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR WRITTEN DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **DONNIE DUGGAN**, Plaintiff, complaining of and about **STEVEN REYES PEREZ** and **PEARSON OIL COMPANY, INC.**, and for cause of action shows unto the Court the following:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level 3 of Texas Rules of Civil Procedure 190.3 and affirmatively pleads that she is seeking monetary relief of over $200,000, but not more than $1,000,000.

### II. PARTIES AND SERVICE

Plaintiff, **DONNIE DUGGAN**, is an individual resident of Midland, Texas. The last three digits of Plaintiff's Social Security Number are 119 and the last three digits of his driver's license are 910.

Defendant, **STEVEN REYES PEREZ**, is an individual resident of Hobbs, New Mexico, and may be served with process at his home at the following address: **708 S. Leech, Hobbs, New Mexico, 88240, or wherever he may be found**. Service of said Defendant as described above can be effected by personal delivery.

EXHIBIT "A-3"

Defendant, **PEARSON OIL COMPANY, INC.**, is a New Mexico corporation, engaged in business in Andrews County, Texas, and maintains its principal place of business in Hobbs, New Mexico. Defendant may be served via its designated registered agent: **Keith W. Pearson, 717 W. Sanger, Hobbs, New Mexico, 88240.** Service of said Defendant as described above can be effected by personal delivery.

### III. JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over Defendants because said Defendants purposefully availed themselves of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

Furthermore, Plaintiff would show that Defendants engaged in activities constituting business in the State of Texas as provided by Tex. Civ. Prac. & Rem. Code § 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendants committed a tort in whole or in part in Texas.

Venue in Andrews County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all, or a substantial part, of the events or omissions giving rise to this lawsuit occurred in Andrews County.

### IV. FACTS

On or about August 22, 2014, Plaintiff was operating his vehicle eastbound on SH 176 in Andrews County, Texas. Plaintiff slowed his vehicle and began to make a left hand turn onto an intersecting street when suddenly, and without warning, Defendant Steven Perez, while operating

a tractor-trailer owned and/or leased by Pearson Oil Company, Inc., attempted to pass Plaintiff's vehicle on the left hand side. Defendant Steven Perez struck Plaintiff's vehicle causing him to suffer the injuries and damages which are the subject of this lawsuit.

## V. NEGLIGENCE OF DEFENDANT STEVEN PEREZ

Defendant Steven Perez had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

The injuries suffered by Plaintiff were proximately caused by Defendant Steven Perez's negligent, careless and reckless disregard of said duty.

The negligent, careless and reckless disregard of duty of Defendant Steven Perez consisted of, but is not limited to, the following acts and omissions:

1. Failing to pay attention to the roadway and the other motor vehicles around him;
2. Failure to maintain control of his tractor-trailer;
3. Operating his tractor-trailer at an unsafe rate of speed;
4. Failure to apply the brakes to his vehicle in a timely and prudent manner and/or wholly failed to apply his brakes in order to avoid the collision in question;
5. Failing to yield the right-of-way to Plaintiff;
6. Failing to drive within a single lane;
7. Failure to read and follow the company policies and procedure;
8. Failure to obtain the necessary training, education, and knowledge to safely operate the truck in question;
9. Failure to adhere to the Texas Commercial Motor Vehicle Driver's Handbook;
10. Operating the vehicle while overly fatigued; and

11. Violating one or more of the following provisions of the Federal Motor Carrier Safety Regulations and for which such failure constitutes negligence per se as set out below:

   a. 49 C.F.R. § 392.1, did not sufficiently know the safety regulations as required;

   b. 49 C.F.R. § 392.14, did not exercise extreme caution when driving in hazardous conditions.

   c. Part 380 regarding special training requirements.

   d. Part 386 regarding rules of practice for motor carriers;

   e. Part 383 regarding commercial driver's license requirements;

   f. Part 390 regarding rules of practice for motor carriers; and

   g. Part 391 regarding the qualification of drivers.

All such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

Each and every one of the foregoing acts and omissions, as well as others, which are not specifically mentioned herein, constitute negligence and each and every such act and/or omission was the proximate cause of the collision and of Plaintiff's damages, for which he prays for judgment in an amount in excess of the minimum jurisdictional limits of the Court.

## VI. NEGLIGENCE OF DEFENDANT PEARSON OIL COMPANY

On the occasion in question, Defendant Steven Perez was an employee, representative, or agent of Defendant Pearson Oil Company and driving a vehicle owned and/or leased by it.

Defendant Pearson Oil Company negligently entrusted its vehicle to Defendant Steven Perez whom they knew was a careless, reckless and/or incompetent driver. Further, Defendant Pearson Oil Company negligently hired, negligently trained and negligently supervised

Defendant Steven Perez. Defendant Pearson Oil Company was negligent, without limitations, in the following partriculars:

  a. Failing to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a tractor-trailer on the roadway of the State of Texas;

  b. Failing to conduct a proper employment and background check;

  c. Failing to sufficiently inquire into Defendant Steven Perez's qualifications, training, and competency before hiring him;

  d. Failing to explain and demonstrate its safety policies and procedures to Defendant Steven Perez;

  e. Failing to provide the necessary and proper training to Defendant Steven Perez regarding truck driving, truck safety, safety classes, how to properly and safely drive a truck, and in all matters regarding the proper and safe operation of a truck and the maintenance of a truck in various situations;

  f. Failing to provide and/or require regular follow-up driver education and training;

  g. Failing to monitor Defendant Steven Perez to make sure that he was complying with policies and procedures;

  h. Failing to interview and test Defendant Steven Perez to make sure he read, and was familiar with, understood, and followed the company policies and procedures;

  i. Failing to document attendance and topics discussed at any safety meeting and/or course instruction;

  j. Failing to require attendance at any safety meetings or instruction;

  k. Failing to discipline, supervise, remedy, and train Defendant Steven Perez;

  l. Failing to train, reprimand, supervise, and remedy any deficiencies in Defendant Steven Perez as a driver;

  m. Failing to monitor and document the number of accidents, moving violations, speed of a particular violation, and fault of a violation and/or accident involving Defendant Steven Perez;

n. Failing to properly document citations, moving violations, accidents, and violation of policy by Defendant Steven Perez and/or other employees;

o. Failing to conduct regular and required review of Defendant Steven Perez's;

p. Failing to require and maintain records of violation by Defendant, Steven Perez;

q. Failing to maintain a driver qualification file on Defendant Steven Perez;

r. Failing to require Defendant Steven Perez to comply with the Texas and Federal Motor Carrier Safety Regulations, the Texas Commercial Motor Vehicle Driver's Handbook, and the Texas Transportation Code;

s. Providing a truck to Defendant Steven Perez who was not properly trained and did not have the proper education, background, training, or experience to safely operate the tractor/trailer, and who was an incompetent and/or reckless driver who repeatedly failed to comply with Texas and Federal Regulations and Guidelines; and

t. In violating the following provisions of Code of Federal Regulations and for which such failures constitute negligence per se as set out below:

   1. Part 380 regarding special training requirements;

   2. Part 390 regarding federal motor carrier safety regulations; and

   3. Part 391 regarding the qualification of drivers.

Each of such acts and omissions, singularly or in combination with others, were the approximate cause of the injuries suffered by Plaintiff. Plaintiff prays for judgment in an amount in excess of the minimum jurisdictional limits of this Court.

## VII. AGENCY AND RESPONDEAT SUPERIOR

At all times material hereto, Defendant Steven Perez was acting, not only in his individual capacity, but also as an agent, representative, and/or employee of Defendant Pearson Oil Company and acting within the scope of such employment. Under the doctrines of *agency*

and *respondeat superior*, Defendant Pearson Oil Company is liable for the acts and omissions of its employee and/or agent.

## VIII. JOINT ENTERPRISE

Additionally, at all times material hereto, Defendants had an express or implied agreement among themselves concerning the work being performed. Defendants had a joint and pecuniary interest in the purpose of Defendant Steven Perez's trip at the time of the subject collision. Defendants were, therefore, involved in a joint enterprise and the negligence and liability of Defendant Steven Perez is imputed to the Defendant Pearson Oil Company.

## IX. REQUEST FOR WRITTEN DISCOVERY

Under Texas Rule of Civil Procedure 194.2, Plaintiff requests that all Defendants named herein disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) through (l). This is to give further notice to the Defendants and Defendants' attorney(s) that attached to this Petition and Request for Disclosure, and being served herewith, are:

a) Plaintiff's First Set of Interrogatories to each Defendant;

b) Plaintiff's First Request for Production of Documents to each Defendant; and

c) Plaintiff's First Request for Admissions to each Defendant.

Defendants are hereby requested to serve on the undersigned counsel true and complete responses to all written discovery requests within fifty (50) days of service.

## X. DAMAGES

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer physical and emotional injuries. As a result, Plaintiff was caused to suffer and incur the following damages:

a) Past and Future Medical Expenses: Plaintiff has suffered bodily injuries causing her to incur medical expenses. The medical expenses were incurred for necessary care and treatment of the injuries complained of herein. The charges are reasonable and were the usual and customary charges for the same or similar services at the time and place rendered. It is reasonably anticipated that Plaintiff will incur additional and future medical bills for treatment of injuries related to this incident;

b) Past and Future Physical Pain and Mental Anguish: Plaintiff endured severe physical pain and mental anguish in the past and will continue to endure physical pain and mental anguish in the future;

c) Past and Future Physical Impairment: Plaintiff suffered physical impairment in the past and will continue to suffer physical impairment in the future; and

d) Past Wage Loss and Future Loss of Wage Earnings Capacity: Plaintiff's injuries caused her to lose time from work and suffer a wage loss. In addition, Plaintiff's injuries will, in all reasonable probability, impair her future ability to earn a living; and

e) Disfigurement.

## XI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer herein; and that, upon trial of this cause, this Honorable Court enter judgment for Plaintiff against Defendants, jointly and severally, as pled herein, for: damages as pled; all actual damages to be jointly and severally awarded against all Defendants; costs of court and fees necessary for preparation of this case for trial; pre-judgment interest at the highest lawful rate and to the maximum extent allowed by law from the date of the incident until entry of the judgment; interest on the judgment at the highest lawful rate from the date of judgment until collected; and for all such other and further relief, general and special, at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**LONCAR & ASSOCIATES**

By: /s/ William E. Hymes
William E. Hymes
Texas Bar No. 24029624
424 S Cesar Chavez Blvd
Dallas, TX 75201
Tel. (214) 747-0422
Fax. (214) 393-6492
wehymes@brianloncar.com

**ATTORNEY FOR PLAINTIFF**



Brian Loncar
William E. Hymes
Gorge M. Rubio•
John Curington
Donald L. Parker, II
David J. LaRue•
Marlane Schwartz-Mantrana
Lydia Elizondo Mount
Christopher Sbrusch
Garnett E. "Brit" Hendrix, Jr.•

James M. Bridge
Paul R. Weise, III
Cynthia Wren
Sherry Deshane Ramsey
Valeri Stiers Malone•
David Stone
Ryan Douglas White
Stephanie Baenisch•
Chad H. Davis

June 3, 2016

*Via E-File*
Clerk
109th Judicial District Court
201 North Main, Room 201
Andrews, TX 79714

    RE:    *Donnie Duggan v. Steven Perez, et al.*
           Cause No. 20,309

Dear Clerk:

    This letter is to advise the Court, and counsel, that I will be out of the office and unavailable for the period of July 8 – 19, 2016. Accordingly, I would ask that the Court, and all counsel of record, refrain from serving documents and/or scheduling any events requiring my action and/or attendance during these periods of time.

    If you have any questions, please do not hesitate to call.

                          Sincerely,

                           William E. Hymes
                           Wehymes@brianloncar.com

WEH:rle



EXHIBIT "A-4"

424 S Cesar Chavez Blvd, Dallas, TX 75201
214-747-0422 • 800-285-4878 • Fax: 214-382-5838 • Litigation Fax: 214-382-5841
www.brianloncar.com
*Board Certified-Personal Injury Trial Law-Texas Board of Legal Specialization   •Licensed in Texas and Louisiana   †Licensed in Texas and Oklahoma